# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC M. MEKELBURG,

    Plaintiff,

v.                                                     Case No. 09-C-435

JOHN E. POTTER, POSTMASTER
GENERAL, UNITED STATES POSTAL SERVICE,

    Defendant.

## DECISION AND ORDER

### NATURE OF CASE

On April, 30, 2009, the plaintiff, who is proceeding pro se, filed this action alleging that he was discriminated against based on his disability when the United States Postal Service (USPS) delayed his employment start date from November 10, 2007, to December 8, 2007, for medical reasons. The plaintiff, who has diabetes, asserts that he had passed the medical assessment with the medical unit about two weeks prior to his original start date.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

On November 5, 2009, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the plaintiff failed to comply with required administrative procedures before bringing suit in federal court. Specifically, the defendant maintains that because the plaintiff, who is alleging employment discrimination by the USPS, failed to initiate contact with an EEO counselor within 45 days of the effective date of the alleged discriminatory incident as required by 29 C.F.R. § 1614.105(a)(1), his complaint is subject to dismissal.  Section 1614.105(a)(1) provides in relevant part: "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."  The plaintiff opposes the motion which will be addressed herein.

## DEFENDANT'S MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted.  See Fed. R. Civ. P. 12(b)(6).  To state a cognizable claim under federal notice pleading, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  It is not necessary for the plaintiff to plead specific facts and the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 [1957]).  However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

- 2 -

In this case, the defendant provided the pro se plaintiff with notice of Rule 56(e) of the Federal Rules of Civil Procedure and Civil Local Rules 56.1, 56.2 and 7.1.[1] However, Civil Local Rule 56(a)(2) also states: "This procedure also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) . . . where matters outside the pleadings are presented to the Court." See also, Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

The defendant acknowledges that a court may consider documents attached to a complaint, or documents referred to in a complaint which are central to the plaintiff's claim, as well as judicially noticed documents and reports of administrative bodies, without converting a motion to dismiss into a motion for summary judgment. (Defendant's Memorandum of Law in Support of His Motion to Dismiss [Defendant's Memorandum] at 3-4); see also, Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 419, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

In this case, the defendant attached a document, "Equal Employment is the Law," as Exhibit A to its memorandum in support of its motion to dismiss. (Defendant's Memorandum at 2). Unlike the situation in Venture Associates Corp., the plaintiff did not attach an Equal Employment Opportunity (EEO) notice to his complaint, nor did he refer to the notice in his complaint. The document appended to the defendant's memorandum is not a report of an

---

[1]Effective February 1, 2010, these Civil Local Rules were renumbered Civil L.R. 56(a), Civil L.R. 56(b) and Civil L.R. 7.

- 3 -

administrative body. Thus, under the procedural rules, the defendant's motion to dismiss must be treated as a motion for summary judgment.

However, there is procedural problem with the defendant's submission – the defendant has not provided any authentication that the document attached to its memorandum as Exhibit A is, in fact, the notice that was displayed at the plaintiff's workplace. No affidavit accompanies the document and there is no indication as to where notices were posted. The defendant merely asserts that the "Plaintiff's facility displayed EEO posters, describing the EEO complaint process, including the information that contact with an EEO counselor must be made within 45 days." (Defendant's Memorandum at 2).

In Johnson v. Runyon, 47 F.3d 911, 918 (7th Cir. 1995), an employment discrimination case against the United States Postal Service, the court of appeals for this circuit held that the 45-day time limit for filing a claim with a Postal Service employment counselor would be extended on the ground that the applicant was not informed of the time limits, was not otherwise aware of them and, despite due diligence, was unable to timely contact the counselor. With respect to the issue of notice, the court explained: "A court must not only consider if notification of the time requirements was provided, but if it was also 'reasonably geared to inform the complainant of the time limits before the complainant is estopped from asserting ignorance as an excuse for late filing.'" Id. (quoting Myles v. Schlesinger, 436 F. Supp. 8, 17 [E.D. Pa. 1976]). Thus, even if the notices were posted in the Post Office where the plaintiff was employed, "there remains a question as to whether these notices were posed in a conspicuous location for viewing by postal employees. Runyon, 47 F.3d at 18 (quoting DesRoches v. U.S. Postal Serv., 631 F. Supp. 1375, 1381 [D.N.H. 1986]).

Here, there is no indication in the record of the location of notices at the plaintiff's place of employment advising him and other Postal Service employees of the 45-day time limit for filing a complaint with an EEO counselor. Accordingly, based on the record before the court, the defendant has not established a basis for dismissal of the action for failure to state a claim or for summary judgment on the plaintiff's claim. Therefore, the defendant's motion must be denied.

**THEREFORE, IT IS ORDERED** that the defendant's motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) be and hereby is **denied**. (Docket #12).

Dated at Milwaukee, Wisconsin, this 16th day of February, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

- 5 -