**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

---

ERIC M. MEKELBURG,

    Plaintiff,

    v.                                                     Case No. 09-C-435

JOHN E. POTTER, POSTMASTER
GENERAL, UNITED STATES POSTAL
SERVICE,

    Defendant.

---

**DECISION AND ORDER ON THE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

---

**NATURE OF CASE**

The plaintiff, Eric M. Mekelburg, filed a pro se complaint on April 30, 2009, against the defendant John E. Potter, Postmaster General. The plaintiff alleges that he was discriminated against based on a disability because the original start date of his employment with the United States Postal Service (USPS) was delayed from November 10, 2007 to December 8, 2007.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 3 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.). On June 23, 2010, the defendant filed a motion for summary judgment. (Docket #31). This motion is fully briefed and will be addressed herein.

## MOTION FOR SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that under the applicable substantive law "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The burden of showing the needlessness of a trial - (1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law - is upon the movant.

In determining whether a genuine issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. Anderson, 477 U.S. at 248; see also, Celotex Corp., 477 U.S. at 324; Fed. R. Civ. P. 56(e). Evidence relied upon in a motion for summary judgment must be of a kind that would be admissible at trial. See Waldridge v. American Hoechst Corp., 24 F.3d 918, 921 n.2 (7th Cir. 1994) (citing Gustovich v. AT & T Communications, Inc., 972 F.2d 845, 849 [7th Cir. 1992]; Fed. R. Civ. P. 56[e]).

**RELEVANT UNDISPUTED FACTS**[1]

The plaintiff works as a mail handler at the Milwaukee Processing and Distribution Center (Milwaukee P&DC) for the United States Postal Service (USPS). Before beginning his employment, the plaintiff was advised by letter that the effective date of his appointment was "'tentatively' November 10, 2007." (Declaration of Lisa Warwick [Warwick Decl.], Exh. B; Exhibit Attached to Complaint). His employment offer was "conditional upon [the plaintiff] meeting certain medical suitability requirements," including a medical assessment. Id. Based on his medical assessment, the plaintiff was deemed to have "Moderate risk/restrictions" with the applicable limitations/restrictions of "no work at unprotected heights and no work around unguarded machinery drive per Wisconsin State Law." (Warwick Decl., Exh. C at 1).

On about October 29, 2007, the plaintiff received a voice mail from Kathy Brachett, a USPS human resources specialist, informing him that his start date had been delayed and that he had to meet with Barb Fyock for an interactive process appointment on November 20, 2007. The plaintiff returned Ms. Brachett's call and was told that there was "a red flag" raised due to his diabetes and that the interactive process was regarding this concern. (Complaint at 3). This was followed by a letter dated November 13, 2007, detailing the appointment with Ms. Fyock.

On November 20, 2007, the plaintiff participated in the interactive process with management personnel regarding the mail handler position for the Milwaukee P&DC. During this process, Ms. Fyock and Rick Montgomery explained the job duties to the plaintiff and took

---

[1] As a general matter, unless accompanied by citation, the relevant facts are taken from the plaintiff's complaint which is a verified complaint (See Ford v. Wilson, 90 F.3d 245, 246 [7th Cir. 1996]) and the defendant's proposed findings of fact which are not disputed. Citations to sources of quoted excerpts have been included, even when those excerpts are undisputed.

him on a tour of the floor.  Ms. Fyock asked if he thought he could perform his job duties with diabetes and the plaintiff said that it would be "no problem."  (Complaint at 3).

The plaintiff was informed by letter dated November 20, 2007, that his appointment to USPS was to be "effective December 8, 2007."  (Warwick Decl., Exh. E; Exhibit Attached to Complaint). The plaintiff was instructed to report to the Postal Employees' Development Center "on Monday, December 10, 2007, for three full days of orientation and training."  Id. He also was advised that his first day of work would be Thursday, December 13, 2007.

Paul Kolodrubetz has been employed by the USPS since October 2007 as a human resources specialist (Training) at the Lakeland District Learning Development & Diversity Center, in Milwaukee, Wisconsin.  Mr. Kolodrubetz has conducted new USPS employee orientation training since 2001 and is familiar with the Orientation for New Employees (ONE) training provided to new USPS employees.  Mr. Kolodrubetz was a facilitator for the ONE training that the plaintiff attended from December 10-12, 2007.  New USPS employees are required to attend ONE training and sign an Individual Training Record indicating that they attended the training and received the materials provided to them for each training module. The Individual Training Record also indicates the training topics covered during ONE.  A copy of an Individual Training bears the signature of "E Mekelburg" along with the dates of "12-10 - 12-12, 2007." (Declaration of Paul Kolodrubetz [Kolodrubetz Decl.], Exh. A).

During ONE, all new USPS employees are provided a ONE Participant's Guide.  When the plaintiff attended the ONE training in December 2007, the guide provided was the May 2005 edition. A portion of the Participant's Guide pertains to Equal Employment Opportunity (EEO) information, including information about the administrative process for filing a

discrimination complaint. The Administrative Process for Complaints of Illegal Discrimination, which is located on page 7-19 of the ONE Participant's Guide, states in relevant part:

> To begin the precomplaint process, you must contact the EEO office found in your Postal Service district, area, or Headquarters facility within 45 calendar days of the incident you believe to be discriminatory, or in the case of a personnel action, within 45 calendar days of the effective date of the action.

(Kolodrubetz Decl., Exh. B at 8).

The plaintiff was assigned to the Milwaukee P&DC location from December 8, 2007, until April 12, 2008, when he was reassigned to the Milwaukee Priority Annex. The plaintiff was assigned to the Milwaukee Priority Annex from April 12, 2008, through September 26, 2009, when he was assigned back to the Milwaukee P&DC location.

Linda Naranjo is the acting secretary to the Senior Plant Manager at the Milwaukee P&DC and has been working in that position and at that location since September 29, 2008. From 1998 until September 29, 2008, she held the position of general clerk at the Oak Creek Annex, a/k/a/ the Milwaukee Priority Annex, located in Oak Creek, Wisconsin. At both these locations, Ms. Naranjo's responsibilities included posting EEO posters.

Ms. Naranjo posted the December 2005 edition of EEO Poster 72 in the Milwaukee Priority Annex where the employees could view it, including on the employee bulletin board, the bulletin board outside the lunch room and the APWU bulletin board. Ms. Naranjo had posted EEO Poster 72 (December 2005) and substantially similar previous editions between the time she arrived at the Milwaukee Priority Annex in 1998 and her departure in September 2008.

Pamela Schneiderwendt is a supervisor in the Distribution Operations Department at the Milwaukee P&DC, where the plaintiff worked from December 8, 2007 through April 12,

2008 and again from September 26, 2009 to the present. From the time she started working at the Milwaukee P&DC in 2006, the December 2005 and September 2008 editions of the EEO poster were displayed on the permanent postings bulletin board on the third and fourth floors by the elevator and on the first floor by the credit union where the employees could view them. Sometime in 2009, Ms. Naranjo posted the September 2008 edition of EEO Poster 72 on the permanent postings bulletin board on the third and fourth floors and on the first floor of the Milwaukee P&DC.

Both the December 2005 and September 2008 editions of EEO Poster 72 sets forth the process for making a claim with the EEOC. They state in relevant part:

> **WHO:** If you are a Postal Service Employee or an applicant for Postal Service employment, and you feel that you have been discriminated against because of race, color, religion, natural origin, sex, age (40+), physical or mental disability, or in retaliation for engaging in an EEO-protected activity, you must consult an EEO counselor before filing a complaint of discrimination.
>
> **WHEN:** You must bring individual and class action complaints to the attention of the EEO office by requesting counseling within *45 calendar days* of the date of the alleged discriminatory act; within *45 calendar days* of the date you knew or reasonably should have known about the discrimination; or if a personnel action is involved, within *45 calendar days* of its effective date. If you bring an individual complaint and later believe that your case has class-action implications, you may move for class action certification at any reasonable point during the processing of your original complaint.

(Declaration of Linda Naranjo [Naranjo Decl.], Exh. A-B).

The plaintiff initiated counseling with the USPS EEO office on October 21, 2008, and subsequently filed an EEO Complaint of Discrimination in the Postal Service, PS Form 2565, on or about January 26, 2009. The USPS dismissed the plaintiff's formal complaint on February 6, 2009, as untimely because the plaintiff sought EEO counseling approximately ten

- 6 -

months after the circumstances giving rise to his appointment with the USPS. The plaintiff filed the present complaint on April 30, 2009.

The plaintiff has spoken with other USPS employees who have diabetes and "they did not go through the same interactive process with the USPS." (Complaint at 3).

**ANALYSIS**

In order to file a discrimination claim against a government agency, an employee alleging employment discrimination must first seek relief through the EEO department of his agency. See 42 U.S.C. § 2000e-16(c). The aggrieved employee must consult an agency counselor to try to resolve the matter informally prior to filing a complaint. 29 C.F.R. §1614.105(a). The aggrieved employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). Section 1614.105(a)(2) provides:

> The agency or the Commission shall extend the 45-day time limit when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been (sic) known that the discriminatory matter . . ., that despite due diligence he or she was prevented by circumstances beyond his control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

With respect to the issue of notice, "[a] court must not only consider if notification of the time requirements was provided, but if it was also 'reasonably geared to inform the complainant of the time limits before the complainant is estopped from asserting ignorance as an excuse for late filing.'" Johnson v. Runyon, 47 F.3d 911, 918 (7th Cir. 1995) (quoting Myles v. Schlesinger, 436 F. Supp. 8, 17 [E.D. Pa. 1976]).

In this case, the defendant asserts that the plaintiff had notice of the requirements and process for making a complaint of discrimination and should have initiated the process within

45 days of the time of the alleged discrimination. Because the plaintiff initiated his complaint ten months from the date of the alleged discrimination, the government asserts that it was untimely, therefore, the defendant's motion for summary judgment should be granted.

In opposing the motion, the plaintiff asserts that his start date was delayed from November 10, 2007 to December 8, 2007, due to his diabetes. The plaintiff claims that this has cost him one month of seniority and, as a result, he has missed out on monthly job bid opportunities and daily job picks. (Complaint at 3). The plaintiff further states that it was his understanding that the 45 calendar days within which he was required to bring a complaint of discrimination starts only "when [he] feel[s] the discrimination taking place." (Response to Defendant's Motion for Summary Judgement at 1).

A review of the relevant undisputed facts establish that the plaintiff was tentatively scheduled to begin employment on November 10, 2007, but his employment was conditioned upon his meeting certain medical suitability requirements, including a medical assessment. A medical assessment was conducted and the plaintiff began his actual employment with the USPS on December 8, 2007. The plaintiff contacted the EEO office for counseling on October 21, 2008. Thus, the plaintiff's first allegation of discrimination occurred more than ten months after his employment began.

The facts also show that the plaintiff was required to attend the Orientation for New Employees and did so from December 10 through December 12, 2007. At this training the plaintiff was provided with materials about the EEO process, including information about the administrative process for filing a discrimination complaint. In addition, the plaintiff received a copy of the ONE Participants Guide which explained the administrative process and the 45 calendar day requirement for reporting an alleged discriminatory incident.

According to the undisputed facts, during his employment, the plaintiff worked at the Milwaukee P&DC and the Milwaukee Priority Annex facilities of the United States Post Office. At both locations, EEO posters setting forth the filing requirements for a discrimination complaint were displayed throughout the building where the employees readily could view them. The plaintiff's training and the posters were sufficient to provide him notice of his rights and were reasonably geared to inform him of the requirements necessary to file a complaint of discrimination. Jackson v. Potter, WL 1836020 (7th Cir. June 25, 2007) (upholding summary judgment dismissal of claim brought by United States postal worker who contested that she was not aware of her rights where court found that plaintiff's attendance at two training sessions and EEO posters displayed in her workplace undermined her claim of unawareness.); see also, Runyon, 47 F.3d at 918.

In light of these undisputed facts, the court finds that the plaintiff failed to make his discrimination claim in a timely manner as required. Accordingly, because the plaintiff's claim is untimely the defendant's motion for summary judgment shall be granted.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion for summary judgment be and hereby is **granted.** (Docket #31).

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 8th day of November, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge